IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION


**LARRY NELLUMS**                                                                                          **PLAINTIFF**

**V.**                                          **CASE NO.  4:12CV00511 JMM**

**PATHFINDER, INC.**                                                                                **DEFENDANT**


**ORDER**

Pending before the Court is Plaintiff's August 15, 2012, application to proceed *in forma pauperis* (#1) with his Title VII complaint against the Pathfinder, Inc. ("Pathfinder").

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis*. *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982).  First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a).  If he does, the complaint is permitted to be filed.  *Id*.

In his application, Plaintiff states that he is has no income, $15.00 in his checking account, and $25.00 in savings.  Based upon the financial information provided by the Plaintiff, his Application to Proceed *In Forma Pauperis* in case number 4:12CV00551 is granted (#1).

At the second step of the analysis, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  If so, the complaint is to be dismissed.  *Id*.

The Court has granted Plaintiffs *in forma pauperis* status and now turns to the determination of whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous if it "describ[es} fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law.  *Neitzke v. Williams*, 490 U.S. 319, 327-29 (1989).  A court may dismiss such a complaint before service of process and without leave to amend.  *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir.), *cert. denied*, 525 U.S. 1023 (1998).  *See also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001), *cert. denied sub nom. Early v. Harmon*, 535 U.S. 1040 (2002).

An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff alleges that he was discharged by Defendant because of his race in violation of Title VII.  Attached to his complaint is a copy of his right to sue letter issued by the Equal Employment Opportunity Commission which states that Plaintiff's EEOC charge was untimely filed.

In order to pursue a Title VII action, plaintiffs generally must file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred.  *See* § 2000e–5(e)(1); *Diaz v. Swift-Eckrich, Inc.*, 318 F.3d 796, 798 (8th Cir. 2003)   (Arkansas plaintiff

had 180 days after alleged unlawful employment practice occurred to file EEOC charge).

Plaintiff's EEOC charge states that the alleged discrimination occurred on November 3, 2011. Plaintiff filed his EEOC charge on May 9, 2012, which is 188 days after the date of the alleged discrimination. There is no basis for equitable tolling. Thus, Plaintiff's EEOC charge is untimely.

The timely filing of an EEOC charge is a requirement for bringing a Title VII in federal court. *See Richter v. Advance Auto Parts, Inc.*, _ F.3d _, 2012 WL 3101696 (8th Cir. 2012). The statute of limitations found in 42 U.S.C. § 2000e5(e)(1) bars Plaintiff's claims.

Plaintiff's complaint is dismissed with prejudice. Judgment will be entered accordingly.

IT IS SO ORDERED THIS   17   day of   August  , 2012.

_____
James M. Moody
United States District Judge